UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHESSY S. DONNELLY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　Defendant. | Case No. 1:21-cv-01117-CDB (SS)<br><br>ORDER ON STIPULATED REQUEST FOR AWARD OF ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d), AND COSTS PURSUANT TO 28 U.S.C. § 1920<br><br>(Doc. 21) |

Pending before the Court is the stipulated request of Plaintiff Chessy S. Donnelly ("Plaintiff") for the award of attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the amount of $2,311.81 and costs pursuant to 28 U.S.C. § 1920, in the amount of $402.00.  (Doc. 21).[1]

The parties agree that an award of attorney's fees to counsel for Plaintiff should be made payable to Plaintiff, but if the Department of the Treasury determines that Plaintiff does not owe a federal debt, then the Commissioner shall cause the payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, Shellie Lott. *Id*. at 2.

On May 22, 2025, the Court granted Plaintiff's motion for summary judgment and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for

---

[1] Both parties have consented to the jurisdiction of a U.S. magistrate judge for all proceedings in this action, in accordance with 28 U.S.C. § 636(c)(1).  (Doc. 7).

1

further proceedings.  (Doc. 19).  Judgment was entered the same day.  (Doc. 20).  On August 20, 2025, Plaintiff filed the pending stipulation for attorney fees as a prevailing party.  (Doc. 21). *See Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993) (concluding that a party who prevails with a sentence-four remand order under 42 U.S.C. § 405(g) is a prevailing party).  Plaintiff's filing is timely.  *Van v. Barnhart*, 483 F.3d 600, 607 (9th Cir. 2007).  The Commissioner does not oppose the requested relief.  (Doc. 21).

The EAJA provides for an award of attorney fees to private litigants who both prevail in civil actions (other than tort) against the United States and timely file a petition for fees.  28 U.S.C. § 2412(d)(1)(A).  Under the EAJA, a court shall award attorney fees to the prevailing party unless it finds the government's position was "substantially justified or that special circumstances make such an award unjust."  *Id*.  Here, the government did not show its position was substantially justified and the Court finds there are no special circumstances that would make an award unjust.  Moreover, the government does not oppose Plaintiff's stipulated request.  *See Sanchez v. Berryhill*, No. 1:16-cv-01081-SKO, 2018 WL 509817, at *2 (E.D. Cal. Jan. 23, 2018) (finding position of the government was not substantially justified in view of the Commissioner's assent to remand); *Knyazhina v. Colvin*, No. 2:12-cv-2726 DAD, 2014 WL 5324302, at 1 (E.D. Cal. Oct. 17, 2014) (same).

Plaintiff requests an award of $2,311.81 in EAJA fees and $402.00 in costs.  (Doc. 21). The Ninth Circuit maintains a list of the statutory maximum hourly rates authorized by the EAJA, adjusted for increases in the cost of living, on its website.[2]  Even assuming Plaintiff's counsel seeks the median of the published maximum rate associated with the relevant years (2021 and 2022) during which she engaged in the majority of her services in this case (which the Court computes as $226.25), the requested award would amount to approximately 10 hours of attorney time (not accounting for any paralegal time expended).  The Court finds this reasonable and commensurate with the number of hours an attorney would need to have spent reviewing the certified administrative record in this case (approximately 888 pages; Doc. 8) and preparing a motion for summary judgment that presented approximately eight pages of argument.  (Doc. 11

---

[2] *Statutory Maximum Rates Under the Equal Access to Justice Act*, available at https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ (last visited August 21, 2025).

1  at 12-20). With respect to the results obtained, Plaintiff's counsel obtained a favorable judgment
2  remanding the case for further proceedings. (Docs. 19, 20).

3  Under the EAJA, the Court may award a judgment of costs to the prevailing party. 28
4  U.S.C. § 2412(a)(1) (citing 28 U.S.C. § 1920). Though the parties do not discuss in their
5  stipulation the basis for the costs requested, the Court notes $402.00 was the initial filing fee for
6  this action. *See* (Doc. 1) ("Filing fee $ 402"). Recoverable costs under the governing statute
7  include, among other things, court filing fees. *See* 28 U.S.C. § 1920; *Armstrong v. Astrue*, No.
8  CIV-S-07-1456-DAD, 2008 WL 2705023, at *2 (E.D. Cal. Jul. 9, 2008) (granting prevailing
9  plaintiff's request for reimbursement of filing fee).

10  EAJA fees, expenses, and costs are subject to any offsets allowed under the Treasury Offset
11  Program ("TOP"), as discussed in *Astrue v. Ratliff*, 560 U.S. 586 (2010). If the Commissioner
12  determines upon effectuation of this order that Plaintiff's EAJA fees are not subject to any offset
13  allowed under the TOP, the fees shall be delivered or otherwise transmitted to Plaintiff's counsel.

14  Accordingly, it is HEREBY ORDERED:

15  1. The parties' stipulated request for attorney's fees pursuant to the EAJA (Doc. 21) is
16  GRANTED.

17  2. The Commissioner is directed to pay to Plaintiff as the prevailing party attorney's fees in
18  the amount of $2,311.81, pursuant to the terms set forth in the parties' stipulation. (Doc.
19  21). Fees shall be made payable to Plaintiff, but if the Department of the Treasury
20  determines that Plaintiff does not owe a federal debt, then the government shall cause the
21  payment of fees, expenses, and costs to be made directly to Plaintiff's counsel, as set forth
22  in the stipulation.

23  3. Plaintiff is awarded $402.00 in costs pursuant to 28 U.S.C. § 1920.

24  IT IS SO ORDERED.

25  Dated:   **August 21, 2025**

26  UNITED STATES MAGISTRATE JUDGE

3